IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSEPH ALAN STEVENS,                          Case No. 11-cv-790-MA

              Petitioner,                OPINION AND ORDER

     v.

JEFFREY THOMAS, Warden FCI
Sheridan,

              Respondent.

ANTHONY D. BORNSTEIN
Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

     Attorney for Petitioner

DWIGHT HOLTON
United States Attorney
District of Oregon
RONALD K. SILVER
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

     Attorneys for Respondent


MARSH, Judge

     Petitioner Joseph Alan Stevens, an inmate at the Federal

Detention Center (FDC) at Sheridan, Oregon, brings this petition

1 - OPINION AND ORDER

for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner
alleges that he received an inadequate hearing and was denied due
process when the Bureau of Prisons (BOP) transferred him to a more
secure facility and he lost 41 days of good conduct time (GCT)
credits resulting from a failed drug test while designated to a
residential reentry center (RRC).  For the reasons set forth below,
the petition is DENIED.

## BACKGROUND

Petitioner is serving a 100-month term of imprisonment
following his plea of guilty to five counts of Bank Robbery in
violation of 18 U.S.C. § 2113(a).  Prior to the events at issue in
this case, petitioner's projected good time release date was July
14, 2012, via GCT.  Petitioner's current projected release date is
August 24, 2012.

On January 21, 2011, petitioner was designated to the
Northwest Regional RRC in Portland, Oregon.  On April 25, 2011, the
Northwest Regional RRC received a laboratory report from Redwood
Toxicology Laboratory indicating that a urine sample submitted by
petitioner on April 15, 2011, tested positive for
methylenedioxypyrovalerone (MDPV).  MDPV is a designer stimulant
marketed in the United States as "bath salts" under names such as
Cloud 9, Ivory Wave, or White Lighting.  (Declaration of David
Perez in Support of Respondent's Response (Perez Dec.) (#12) p.4.)

On April 25, 2011, the RRC staff generated an Incident Report charging petitioner with a violation of Code 112, use of narcotics, drugs, or other paraphernalia not prescribed by medical staff. That same day, RRC staff also generated a Transfer Order for petitioner's removal from the RRC.  On April 26, 2011, petitioner was picked up from the RRC by the United States Marshals' Service (USMS), and taken to Multnomah County Jail.

On April 26, 2011, RRC staff provided petitioner with a copy of the Incident Report, which indicated the Code 112 violation.  On April 28, 2011, petitioner received a Notice of Center Discipline Committee (CDC) Hearing, advising him that a hearing would be conducted on April 29, 2011.  Petitioner initialed the Notice of CDC Hearing, reflecting that he waived his right to staff representation, and the right to call witnesses.  Additionally, on April 28, 2011, petitioner signed an Inmate Rights Form, acknowledging that he had been advised of his rights with regard to the CDC hearing.

On April 29, 2011, the CDC hearing was conducted at the Multnomah County Jail.  At the hearing, petitioner admitted to using the synthetic stimulant, but contended that he did not break any laws by using illegal narcotics.  (Perez Dec. (#12) Att. 3, p.2.)  The CDC concluded that petitioner had committed the prohibited act as charged, and recommended that the Disciplinary Hearing Officer (DHO) sanction petitioner with a loss of 27 days of

GCT and a transfer to a more secure facility. Petitioner was subsequently transferred to FDC Sheridan.

On June 6, 2011, DHO David Perez reviewed the CDC Report and recommendation. DHO Perez imposed a sanction of 41 days lost GCT credits and a disciplinary transfer. In a letter dated June 30, 2011, petitioner was provided with a copy of the CDC Report, along with notice that he had 20 days thereafter to file an appeal.

## DISCUSSION

In this habeas proceeding, petitioner advances several arguments challenging the BOP's sanctions of 41 days lost GCT credits and disciplinary transfer. First, petitioner contends that he did not receive adequate notice that the synthetic stimulant he ingested was prohibited. Second, petitioner argues that his due process rights were violated when the DHO increased the sanction from 27 to 41 lost GCT days without holding another hearing. Third, petitioner submits that the greater sanction was not mandatory, and therefore, this court should direct the BOP to impose the lesser sanction. In this proceeding, petitioner seeks restoration of his GCT credits and a return to the RRC.

Respondent contends that petitioner received all the process he was due at the CDC hearing and that the sanctions imposed are in accordance with BOP policy and applicable regulations. Moreover, respondent contends that the CDC hearing was based on "some

evidence" to find petitioner guilty of the Code 112 violation, and therefore, habeas relief must be denied.  Respondent is correct.

**I.   Petitioner's Failure to Exhaust is Excused.**

In general, federal prisoners must exhaust their administrative remedies prior to filing a habeas corpus petition under 28 U.S.C. § 2241.  Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986)(per curiam).  Although the exhaustion requirement is not jurisdictional, this court may dismiss a habeas petition for failure to exhaust administrative remedies.  Id.  Exhaustion may be excused if the administrative remedies are inadequate, futile, or where pursuit of the administrative remedies would cause irreparable injury.  See Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004).

Petitioner has not exhausted his administrative remedies and asserts that he will suffer irreparable injury if his petition is not considered.  Because it is clear from the record before me that petitioner would be unable to complete the administrative remedy process until well after any requested relief could be accomplished, his failure to exhaust is excused in the circumstances of this case.

**II. Petitioner Was Not Denied Due Process.**

In order to obtain relief pursuant to 28 U.S.C. § 2241, petitioner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28

U.S.C. § 2241(b)(3).  Petitioner asserts that the sanctions imposed are invalid under the Due Process Clause of the Fifth Amendment to the Constitution.

It is well established that an inmate must be afforded procedural protections before he can be deprived of a protected liberty interest, which includes good time credits (GTC).  Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974); Superintendent v. Hill, 472 U.S. 445, 454 (1984).  However, "[p]rison disciplinary hearings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff, 418 U.S. at 556.

Due process in prison disciplinary hearings requires:  (1) the right to appear before an impartial decision-maker;  (2) 24-hour advance written notice of the disciplinary charges;  (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense;  (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved;  and (5) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Wolff, 418 U.S. at 563-77; Hill, 472 U.S. at 454; see also Argento v. Thomas, 2010 WL 3661998, *4 (D. Or. Sept. 17, 2010). The substantive requirements of due process are satisfied where

there is "some evidence" to support the decision by the prison disciplinary officials.   Hill, 472 U.S. at 454.

The record demonstrates that in the CDC hearing, petitioner clearly was afforded all the process he was due under Wolff. Petitioner received 24 hours advance written notice of the charges against him and notice of the hearing.   On April 26, 2011, petitioner received a copy of the incident report, and on April 28, petitioner received written notice that the CDC hearing would take place the following day.   Petitioner's hearing was conducted by an impartial CDC, and petitioner waived his right to call witnesses and his right to staff representation.   Petitioner appeared at the CDC hearing and was afforded the opportunity to persuade the CDC. Lastly, in a letter dated June 30, 2011, petitioner received a written statement by the factfinder as to the evidence relief upon and the reasons for the sanctions imposed.   The letter also informed petitioner of his right to appeal.

Petitioner does not appear to challenge the sufficiency of the evidence to support the CDC's finding.   To the extent that petitioner's petition could be construed to raise such an argument, I conclude that the CDC's decision is supported by "some evidence" in the record.   Hill, 473 U.S. at 455-56.   The CDC expressly based its decision on the toxicology report indicating the presence of MDPV in specimen #956664, that specimen #956664 belonged to petitioner, and that petitioner was not prescribed any medication

that would give a false positive for MDPV.  Additionally, the
report indicates that petitioner admitted to ingesting the
stimulant.  (Perez Dec. (#12) Att. 3, p.5.)

In the current proceeding, petitioner asserts that his due
process rights were violated because he did not have
constitutionally adequate notice that MDPV was a prohibited
substance.  Petitioner's argument is without merit.  The relevant
regulation, 28 C.F.R. § 541.13, Table 3, has provided notice by
listing prohibited offenses.  Specifically, a Code 112 violation is
described as the "[u]se of *any* narcotics, marijuana, *drugs*, or
related paraphernalia *not prescribed for the individual by the
medical staff*."  28 C.F.R. § 541.13, Table 3 (emphasis added).  It
is undisputed that petitioner was not prescribed any drug which
would show a false positive result for MDPV.  (Perez Dec. (#12)
Att. 3, p.4.)  Petitioner offers no support for his contention that
he was entitled to more specific advance notice that MDPV was
prohibited by Code 112.  While "bath salts" sound innocuous, the
toxicology report describes MDPV as a designer stimulant, and
petitioner admitted to ingesting it, presumably for its stimulating
effect.[1]

_____

[1]As respondent notes, the State of Oregon added MDPV to its
list of Schedule I Controlled Substances effective April 11,
2011.  See Or. Admin. R. 855-080-0021 (defining MDPV in any form,
including salts, as a controlled substance)(available at
www.oregon.gov/Pharmacy/Imports/Rules/April11/855-
080_4.11.pdf?ga=t.)

In his *pro se* habeas petition, petitioner argues that he was only given an "interim hearing" prior to losing his GCT credits, and that due process requires a second hearing before the DHO. With the benefit of counsel, petitioner asserts in his supporting memorandum that he was entitled to a second hearing before the DHO because the DHO increased the sanctions recommended by the CDC. I reject both of these arguments.

Because petitioner was housed in an RRC at the time of the incident, due process is afforded at a CDC hearing, not a DHO hearing. Mazzanti v. Bogan, 866 F. Supp. 1029, 1033 (E.D. Mich. 1994); accord Harris v. Norwood, 2008 WL 5377647, *1 (C.D. Cal. Dec. 16, 2008)(no due process violation where petitioner at RRC given CDC hearing, with review by DHO prior to sanctions of GCT credits loss and disciplinary transfer). See Community Corrections Manual, BOP Program Statement 7300.09, p. 18-19, *available at* www.bop.gov/DataSource/execute/dsPolicyLoc (disciplinary procedures used by CDCs must adhere to Wolff). As one court aptly stated, "Wolff does not mandate that [p]etitioner be granted two hearings[,] one before the CDC and one before the DHO." Rini v. Nash, 2005 WL 2033689, *3 (D.N.J. Aug. 22, 2005).

Petitioner provides no authority for the proposition that due process requires a second hearing where the first hearing meets the requirements set forth in Wolff. Furthermore, petitioner was provided with a review of the CDC procedures by DHO Perez, who

9 - OPINION AND ORDER

certified the CDC's findings, indicating that due process
protections were met. I conclude that because the CDC hearing met
the requirements set forth in <u>Wolff</u>, petitioner received all the
process he was due. Accordingly, petitioner is not entitled to a
second hearing before the DHO prior to the imposition of sanctions.

I am not persuaded by petitioner's argument that because the
DHO imposed greater sanctions (41 GCT days lost) than those
recommended by the CDC (27 GCT days lost), due process requires a
new hearing. Although petitioner received a greater sanction than
that recommended by the CDC, the sanction is still within the range
set forth in the BOP policies and regulations. <u>See</u> <u>Ramos v.</u>
<u>Gilkey</u>, 1997 WL 201566, *4 (N.D. Ill. Apr. 17, 1997)(no due process
violation where DHO increased inmate's sanctions from that
recommended by CDC; sanctions still within recommended range and
CDC hearing complied with due process). Therefore, the additional
procedural protections advocated by petitioner are simply not
required.

Petitioner also submits that because the more severe sanction
(38 days lost GCT credits and three days lost non-vested GCT
credits) was not mandatory, DHO Perez was required to follow the
recommendation of the CDC. I disagree. The regulations provide
that for a Code 112 sanction, a DHO may disallow between 50 and 75
percent (27 to 41 days) of good conduct time credit available, and
forfeit 100 percent of non-vested GCT credits. 28 C.F.R. § 541.13,

Table 3.  Petitioner does not dispute that 38 days is 75 percent of his available GCT credits, and that he lost 100 percent of his non-vested GCT credits.   Clearly, the sanction petitioner received falls within the range of sanctions in the relevant regulation. Accordingly, because petitioner has failed to demonstrate that he is in custody in violation of the Constitution or laws of the United States, habeas relief is not warranted.   28 U.S.C. § 2241(b)(3).

Lastly, I reject petitioner's assertion that he was entitled to a hearing prior to being transferred from the RRC to Multnomah County Jail.  Not every change in the conditions of confinement constitutes a deprivation of liberty, even if there is a substantially adverse impact on the prisoner.  See Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  To be sure, a constitutionally protected liberty interest arises only if a restraint on a prisoner's freedom imposes an "atypical and significant hardship on the inmate in relation to the ordinary incident of prison life." Sandin v. Conner, 515 U.S. 472, 484-86 (1995).

I find the reasoning in Hatch v. Lappin, 660 F.Supp.2d 104, 111-112 (D.Mass. 2009), instructive.  In Hatch, the court concluded that an inmate's transfer from home confinement back to imprisonment was not an atypical and significant hardship.  There, the court noted that Hatch's participation in the home confinement program was a privilege and not a right, and was awarded solely at

the discretion of the BOP.  Therefore, Hatch was not entitled to the procedural protections of due process prior to his return to the federal correctional institution.  <u>Id.</u> at 112.  <u>Accord Rodriquez v. Wiley</u>, 2009 WL 2868838, *2-3 (D.Colo. Sept. 3, 2009)(no due process violation when inmate transferred from halfway house back to general prison population because his placement in halfway house was not a liberty interest).  Furthermore, this reasoning comports with the BOP's broad discretion to transfer inmates from one correctional facility to another "at any time." 18 U.S.C. § 3621(b); <u>see also Olim v. Wakinekona</u>, 461 U.S. 238, 244-45 (1983)(inmate lacks any due process liberty interest in his classification or placement); <u>Ingram v. Thomas</u>, 2011 WL 1791234 (D. Or. May 10, 2011)("Petitioner has no Constitutional right to be placed in a particular institution").

I conclude that because petitioner does not have a protected liberty or property interest in an RRC placement, he was not entitled to due process procedural protections prior to his transfer from the RRC to Multnomah County Jail.  Accordingly, habeas relief is not warranted.

////

////

////

////

////

12 - OPINION AND ORDER

## **<u>CONCLUSION</u>**

Based on the foregoing, petitioner's petition for writ of habeas corpus (#1) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this _10_ day of AUGUST, 2011.


                        _/s/ Malcolm F. Marsh_____
                        Malcolm F. Marsh
                        United States District Judge